IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:08-cr-30234-NJR |
| LOUISE HELEN MASULLA, | |
| Defendant. | |

# ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is Defendant Louise Helen Masulla's Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines ("U.S.S.G."). (Doc. 193). Masulla claims she is eligible for a sentence reduction as a Zero-Point Offender (i.e., individuals who were assessed zero criminal history points at sentencing). *Id.*

Part B of Amendment 821 offers a sentence reduction to certain offenders who "did not receive any criminal history points from Chapter Four, Part A" of the U.S.S.G. *See* U.S.S.G. §4C1.1(a)(1). In addition, relief is limited to those offenders whose offense did not involve certain aggregating factors. *Id.* One of the aggravating factors identified in the revised guideline is that the offense of conviction is a "sex offense." U.S.S.G. § 4C1.1(a)(5). Section 4C1.1(b)(2) defines "sex offense" as an offense perpetuated against a minor under specific statutes, including those under 18 U.S.C. Chapters 109A, 110, and 117.

Masulla is ineligible for a sentence reduction under Amendment 821 because she received two criminal history points and because she was convicted of the following four offenses: one count of conspiracy to produce child pornography under 18 U.S.C. § 2251(a)&(e); one count of conspiracy to transport minors across state lines with the intent to engage in criminal sexual activity under 18 U.S.C. § 2423(a)&(e); one count of aggravated sexual abuse under 18 U.S.C. § 2241(c); and one count of transportation of child pornography under 18 U.S.C. § 2252(a)(1)&(b)(1). (Doc. 108 at ¶ 86; Doc. 120 at 1; Doc. 121 at 1). These offenses fall under 18 U.S.C. Chapters 109, 110, and 117 and, thus, are "sex offenses" as defined by § 4C1.1(b)(2). Accordingly, the Court finds that Masulla is ineligible for a sentence reduction under Part B of Amendment 821.

For these reasons, Masulla's motion for a sentence reduction under Part B of Amendment 821 (Doc. 193) is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 4, 2024

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**